## METROPOLITAN DISTRICT COMMISSION *v.* AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 4, LOCAL 184 (13197)

HEIMAN, SCHALLER and SPEAR, Js.

Submitted on briefs December 5, 1994—decision released February 21, 1995

*J. William Gagne, Jr.*, and *Harry B. Elliott, Jr.*, filed a brief for the appellant (defendant).

*Anthony J. Palermino* and *Gary R. Atkinson* filed a brief for the appellee (plaintiff).

1

HEIMAN, J. The defendant appeals from the judgment of the trial court vacating an arbitration award pursuant to General Statutes § 52-418.[1] On appeal, the defendant claims that the trial court improperly granted the plaintiff's application to vacate the award because the evidence was not sufficient to support a finding that the plaintiff's rights were prejudiced by the failure of the arbitration panel to hold three-way discussions.[2] We agree with the defendant and reverse the judgment of the trial court.

The following facts are relevant to this appeal. The defendant union represents employees of the plaintiff employer. A collective bargaining agreement governs the resolution of disputes between the parties and provides for arbitration by the state board of mediation and arbitration.

In January, 1985, union steward John Holleran filed a grievance on behalf of eleven employees, requesting that the position of specialist on the night emergency crew be reclassified from labor grade five to labor grade seven.[3] In support of its claim, the defendant union

[1] General Statutes § 52-418 provides in pertinent part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[2] The defendant also claims that the trial court, pursuant to its powers under General Statutes § 52-418 (b), improperly refused to remand the case to the arbitration panel for a rehearing once the award was vacated. In light of our determination that the arbitration award was improperly vacated, we need not review this claim.

[3] An employee's wages are dependent on the labor grade classification assigned to that employee's position.

asserted that the specialist position had been assigned numerous additional duties since its last classification and that those added duties required additional skill and training and subjected the employees to increased risk. The alleged new duties included covering sewer complaints, fueling trucks with propane, participating in an emergency communication system, and maintaining the interconnection of water systems to Hamilton Standard and Bradley International Airport.

Pursuant to the collective bargaining agreement, the defendant union submitted its request for reclassification to the plaintiff's personnel department. The plaintiff denied the defendant's request on June 22, 1987, and the defendant demanded arbitration according to the terms of the collective bargaining agreement. Because the parties could not agree on the issue to be submitted to the arbitration panel, the panel framed the issue as follows:[4] "Has the Metropolitan District Commission properly classified the Specialist LG-5 (Shift Coverage) position? If not, what shall be the remedy?" A hearing was held on August 1, 1989, before a three person arbitration panel that consisted of a labor representative, a management representative, and a neutral member.

On July 16, 1990, the arbitration panel issued its unanimous decision in favor of the defendant union. The panel concluded that the additional duties required to be performed by those employed as specialists were significant enough to require reclassification. The plaintiff was, therefore, directed to reclassify the position to labor grade seven.

---

[4] Section 31-91-35 (b) of the Regulations of Connecticut State Agencies provides: "The parties shall present to the panel a carefully worded statement of the issue or issues in dispute between them on which the board is requested to rule. If the parties are unable to agree upon the issue or issues to be decided, the panel shall frame the issues."

On July 25, 1990, the plaintiff applied to the Superior Court for an order vacating the award. Among its numerous claims, the plaintiff contended that its rights were prejudiced by the failure of the arbitration panel to hold three-way discussions pursuant to § 31-91-45 (a) of the Regulations of Connecticut State Agencies.[5] The plaintiff did not allege any facts to explain why the failure to hold three-way discussions was prejudicial to its rights. The defendant moved for confirmation of the arbitration award. The parties stipulated to the sole fact that the "three members of the arbitration panel . . . had no three-way discussions, either telephonically or in person, before the arbitration decision and award was issued." No evidence of the nature of the claimed prejudice was presented to the trial court.

A hearing was held on the cross applications on September 7, 1993. The trial court found that the arbitration panel had acted in violation of § 31-91-45 (a), and the court vacated the award.[6] The trial court failed to explain, however, how the plaintiff was prejudiced by the actions of the arbitrators in any way. It further determined that a reasonable time for rendering an award had expired and declined to remand the case to the arbitration panel for a rehearing.

On appeal, the defendant claims that the trial court improperly vacated the award of the arbitration panel. The defendant asserts that the trial court had insufficient evidence before it to support a finding that the plaintiff was prejudiced by the arbitration panel's failure to hold three-way discussions as required by § 52-418. We agree.

---

[5] Section 31-91-45 (a) of the Regulations of Connecticut State Agencies provides: "As promptly as possible after the date of the formal hearing and the receipt of the briefs, where the parties elect to submit briefs, the panel members will meet in an executive panel session to decide the matter submitted."

[6] The trial court did not find any of the plaintiff's other claims to be supported.

"We have stated repeatedly that judicial review of arbitration awards is limited in scope . . . ." (Citation omitted; internal quotation marks omitted.) *Metropolitan District Commission* v. *AFSCME, Council 4*, 35 Conn. App. 804, 807–808, 647 A.2d 755 (1994). Our courts have "wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. . . . When arbitration is created by contract, we recognize that its autonomy can only be preserved by minimal judicial intervention." (Citations omitted; internal quotation marks omitted.) *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, 203 Conn. 133, 145, 523 A.2d 1271 (1987); see also *Hartford* v. *Board of Mediation & Arbitration*, 211 Conn. 7, 14, 557 A.2d 1236 (1989). Judicial review of arbitration awards is, therefore, limited in scope by § 52-418 and our courts "will not disturb an arbitration award unless it clearly falls within the proscriptions of [that statute]." (Internal quotation marks omitted.) *State* v. *AFSCME*, 13 Conn. App. 461, 463, 537 A.2d 517 (1988); see also *State* v. *Connecticut Employees Union Independent, Inc.*, 33 Conn. App. 737, 740, 638 A.2d 619 (1994).

In addition, "[t]he party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it, and only upon a showing that it falls within the proscriptions of § 52-418 of the General Statutes . . . will the determination of an arbitrator be subject to judicial inquiry." (Internal quotation marks omitted.) *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, supra, 203 Conn. 145–46; see also *Norwich Roman Catholic Diocesan Corp.* v. *Southern New England Contracting Co.*, 164 Conn. 472, 476, 325 A.2d 274 (1973). "[A] court will make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceed-

ings." *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3,* supra, 145; see also *Diamond Fertiliser & Chemical Corp.* v. *Commodities Trading International Corp.,* 211 Conn. 541, 547, 560 A.2d 419 (1989); *Norwich Roman Catholic Diocesan Corp.* v. *Southern New England Contracting Co.,* supra, 476. "Absent a showing of perverse misconstruction [of the law] or positive misconduct . . . the arbitrator's determination is not subject to judicial inquiry." *Twin Towers Associates* v. *Gilbert Switzer & Associates,* 4 Conn. App. 538, 540, 495 A.2d 735, cert. dismissed; 197 Conn. 811, 499 A.2d 61 (1985), citing *Schwarzschild* v. *Martin,* 191 Conn. 316, 327, 464 A.2d 774 (1983).

On the basis of these principles, we conclude that the trial court improperly vacated the arbitration award.

The plaintiff relied on § 52-418 (a) (3) in support of its application to vacate the arbitration award.[7] Section 52-418 (a) provides that the court "shall make an order vacating the award . . . (3) if the arbitrators have been guilty of misconduct in . . . [taking any] action by which the rights of any party have been prejudiced . . . ." The plaintiff, however, offered no evidence to the trial court that could establish that the actions of the arbitration panel prejudiced it in any way. General Statutes § 52-418 (a) (3); see *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3,* supra, 203 Conn. 149 (claim of arbitral misconduct in refusing to hear evidence requires more than showing of error of law; must show that error deprived party of full and fair hearing). The only evidence before the court was the stipulation of the parties that no three-way discussions were held by the members of the

---

[7] The plaintiff's application to vacate alleged that "[t]he rights of the plaintiff were prejudiced in that no executive session was held to discuss the award."

arbitration panel. The plaintiff thus failed to meet its burden of proof and in the absence of such evidence, the trial court was required to presume that the actions of the arbitration panel were proper. Id., 145–47.

We conclude that, on the record before us, there is no basis for vacating the arbitration award on the ground of arbitral misconduct. The trial court improperly held to the contrary. See *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3,* supra, 203 Conn. 153.

The judgment is reversed and the case is remanded with direction to render judgment confirming the arbitration award.

In this opinion the other judges concurred.