METROPOLITAN DISTRICT COMMISSION *v.* AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 4, LOCAL 184 (15252)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued February 14—officially released May 21, 1996

*Anthony J. Palermino,* with whom, on the brief, was *Gary R. Atkinson,* for the appellant (plaintiff).

*J. William Gagne, Jr.,* with whom, on the brief, was *Gregory C. Norsigian,* for the appellee (defendant).

NORCOTT, J. The principal issue in this appeal is whether an arbitration panel's failure to comply with a regulation directing the panel to meet in executive session prior to issuing its unanimous arbitration award is an adequate ground pursuant to General Statutes § 52-418[1] for a trial court to vacate the award. We conclude that, in the absence of a showing of prejudice, such a failure is not a proper ground for which to vacate the award.

The plaintiff, the metropolitan district commission, appeals, upon our grant of certification,[2] from the judgment of the Appellate Court, which reversed the decision of the trial court vacating an arbitration award pursuant to § 52-418. *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184,* 37 Conn. App.

---

[1] General Statutes § 52-418 provides in pertinent part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[2] We certified the following issue: "Under the circumstances of this case, did the Appellate Court properly conclude that the arbitrators' failure to comply with § 31-91-45 (a) of the Regulations of Connecticut State Agencies did not require that the arbitrators' award be vacated?" *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184,* 233 Conn. 904, 904–905, 657 A.2d 643 (1995).

1, 654 A.2d 384 (1995). The plaintiff claims that the arbitrators' failure to comply with § 31-91-45 (a) of the Regulations of Connecticut State Agencies,[3] namely, its failure to hold an executive session, was arbitral misconduct and, therefore, required that the arbitrators' award be vacated. We affirm the judgment of the Appellate Court.

The facts relevant to this appeal are not in dispute. In January, 1985, the defendant, American Federation of State, County and Municipal Employees, Council 4, Local 184, filed a grievance on behalf of eleven employees of the plaintiff, requesting that the position of specialist on the night emergency crew be reclassified from labor grade five to labor grade seven. The defendant asserted that since its last classification, the specialist position had been assigned numerous additional duties, requiring additional skill and training and subjecting a person holding this position to increased risk of injury.

Pursuant to the collective bargaining agreement, the defendant submitted its request for reclassification to the plaintiff's personnel department. The plaintiff denied the defendant's request and the defendant demanded arbitration according to the terms of the collective bargaining agreement. A hearing was held before a three person arbitration panel, which consisted

---

[3] Section 31-91-45 of the Regulations of Connecticut State Agencies provides: "Executive panel sessions; form of award

"(a) As promptly as possible after the date of the formal hearing and the receipt of the briefs, where the parties elect to submit briefs, the panel members will meet in an executive panel session to decide the matter submitted.

"(b) Oral awards shall be rendered upon mutual request of the parties. Whether or not an oral award has been rendered, an award shall be reduced to writing and signed by the members of the panel.

"(c) Decisions shall be made by majority vote of the panel members. A panel member may express his disapproval of the majority decision by adding the word 'dissenting' after his signature on the award, or, said panel member may also prepare a dissenting opinion which shall be sent to the board's office and shall be made part of the award proper."

of a labor representative, a management representative and a neutral member. The panel framed the issue to be decided as follows: "Has the Metropolitan District Commission properly classified the Specialist LG-5 (Shift Coverage) position? If not, what shall be the remedy?"

On July 19, 1990, the panel issued a unanimous decision in favor of the defendant. The panel concluded that the additional duties required to be performed by those employed as labor grade five specialists were significant enough to require a reclassification and directed the plaintiff to reclassify the position to labor grade seven.

The plaintiff petitioned the Superior Court to vacate the award, claiming that its rights had been prejudiced by the arbitration panel's failure to hold an executive session pursuant to § 31-91-45 (a); see footnote 3; and, therefore, that the award should be vacated pursuant to § 52-418. No evidence of the nature of the claimed prejudice was presented to the trial court. The defendant moved for confirmation of the arbitration award pursuant to General Statutes § 52-417. The parties stipulated that the "three members of the arbitration panel . . . had no three-way discussions, either telephonically or in person, before the arbitration decision and award was issued." After a hearing on the cross applications, the trial court determined that the arbitration panel, by failing to hold an executive session, had acted in violation of § 31-91-45 (a) and, therefore, vacated the award.

The defendant appealed to the Appellate Court, which concluded that there had been insufficient evidence before the trial court to support a finding that the plaintiff had been prejudiced by the arbitration panel's failure to hold an executive session pursuant to § 31-91-45 (a) and, therefore, determined that the trial court

improperly had vacated the arbitration award pursuant to § 52-418. *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, supra, 37 Conn. App. 6–7. This certified appeal followed. See footnote 2. We agree with the Appellate Court.

As the Appellate Court correctly noted, our courts have "wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation." (Internal quotation marks omitted.) *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, 203 Conn. 133, 145, 523 A.2d 1271 (1987). "Courts favor arbitration as a means of settling differences . . . . [I]ts autonomy requires a minimum of judicial intrusion." (Citation omitted; internal quotation marks omitted.) *AFSCME, AFL-CIO, Council 15* v. *New Britain*, 206 Conn. 465, 469, 538 A.2d 1022 (1988). Judicial review of consensual arbitral awards, therefore, is of limited scope. See *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 501, 610 A.2d 1212 (1992) (authority to arbitrate generally carries with it power to decide, with finality, all issues of fact or law in proceedings); *Hartford* v. *State Board of Mediation & Arbitration*, 211 Conn. 7, 14, 557 A.2d 1236 (1989) (" 'when arbitration is consensual, rather than statutorily imposed, judicial review is limited in scope' "); *Bruno* v. *Dept. of Consumer Protection*, 190 Conn. 14, 18, 458 A.2d 685 (1983) (review limited because arbitration is creature of contract).

The scope of judicial review in an arbitration action is expressly limited by the terms of § 52-418. See footnote 1. In the absence of a showing of a violation of the statute, the courts should not interfere in the arbitral decision. *Diamond Fertiliser & Chemical Corp.* v. *Commodities Trading International Corp.*, 211 Conn. 541, 546–47, 560 A.2d 419 (1989); *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, supra,

203 Conn. 145. In addition, "[e]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' acts and proceedings." (Internal quotation marks omitted.) *AFSCME, AFL-CIO, Council 15* v. *New Britain,* supra, 206 Conn. 472. Thus, as the party challenging the award, the plaintiff bears the burden of producing evidence sufficient to demonstrate a violation of § 52-418. *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3,* supra, 145–46.

The relevant portion of § 52-418 provides that the court shall vacate an award if it finds that the arbitrators have engaged in "any other action by which the rights of any party have been prejudiced." The Appellate Court rested its decision on the fact that there was no evidence that the plaintiff had been prejudiced by the arbitration panel's violation of § 31-91-45 (a). The plaintiff argues that the arbitration panel's failure to follow the regulation to meet in executive session is per se prejudicial. The plaintiff's argument is essentially that the regulation is mandatory because it is substantive and, therefore, that we should presume that failure to comply with the regulation has prejudiced the plaintiff. We do not agree with the plaintiff that § 31-91-45 (a) is mandatory. Rather, we conclude that it is directory and, therefore, that in order to vacate an award under § 52-418 on the basis of failure to comply with § 31-91-45 (a), the plaintiff must show prejudice, which, in the present case, it has failed to do.[4]

Well established principles of statutory construction govern our determination of whether a statutory or regulatory provision is mandatory or directory. See *Smith* v. *Zoning Board of Appeals,* 227 Conn. 71, 89,

---

[4] Because we conclude that the regulation is directory, we do not decide whether the panel's failure to comply with a mandatory regulation would be per se prejudicial.

629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1190, 127 L. Ed. 2d 540 (1994) ("[i]n construing regulations, the general rules of statutory construction apply"). "Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 764, 628 A.2d 1303 (1993) . . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) *State* v. *Metz*, 230 Conn. 400, 409, 645 A.2d 965 (1994). " 'The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words.' " *Katz* v. *Commissioner of Revenue Services*, 234 Conn. 614, 617, 662 A.2d 762 (1995). These same principles of statutory construction are applicable in determining whether a provision in a regulation is mandatory or directory.

We begin our analysis with the language of the regulation. Subsection (a) of § 31-91-45 provides in part that "panel members *will* meet in an executive panel session to decide the matter submitted." (Emphasis added.) Although the use of "will" rather than "may" suggests that the regulation is intended to be more than permissive, it does not compel the conclusion that § 31-91-45

(a) is mandatory. We have said that the use of mandatory language, such as "shall," is significant in our determination, but it does not invariably establish a mandatory duty. *Oller* v. *Oller-Chiang*, 230 Conn. 828, 838, 646 A.2d 822 (1994). In the present case, the regulation uses the word "will" in subsection (a) in connection with an executive session, but uses the word "shall" in subsections (b) and (c). See footnote 3. We are unable to discern from this juxtaposition whether the use of the word "will" was intended to be mandatory or directory, thus, the language of the regulation is inconclusive.[5]

The more significant consideration in our determination of whether a provision is mandatory or directory is whether the mode of action prescribed is the essence of the thing to be accomplished, or is designed to secure order, system and dispatch in the proceedings. The obvious purpose of § 31-91-45 (a) is to ensure meaningful deliberation of the issues involved in a case. Although an executive session to discuss the issues presented is generally the most desirable and appropriate way to accomplish this purpose, we are not persuaded that it is essential in all circumstances in order fairly to resolve a case. We can envision circumstances, such as if the issues are few and uncomplicated and the panel members are in agreement, in which the requirement of a formal executive session would be of negligible benefit. We have long held that although regulations generally are to be strictly construed, it is important not to elevate form over substance. See *Newman* v. *Newman*, 235 Conn. 82, 98–99, 663 A.2d 980 (1995); *State* v. *Day*, 233 Conn. 813, 832, 661 A.2d 539 (1995); *Commission on Human Rights & Opportu-*

---

[5] In determining whether a provision is mandatory, it is also appropriate to consider whether there is language in the regulation that invalidates action taken in violation of the provision. See *Katz* v. *Commissioner of Revenue Services*, supra, 234 Conn. 617. Such language is absent in the present case.

*nities* v. *Windsor Hall Rest Home*, 232 Conn. 181, 188, 653 A.2d 181 (1995); *State* v. *Chapman*, 227 Conn. 616, 621, 632 A.2d 674 (1993). Moreover, we must presume that arbitrators will act responsibly in discharging their duties, including reviewing the evidence and arguments presented and pursuing discussion of the case with other members of the panel as is necessary to reach a thorough and fair resolution of the case. Furthermore, nothing precludes any arbitration panel member from forcing additional deliberations by refusing to execute the proposed award. Permitting arbitrators to exercise their discretion over this aspect of the arbitral process is consistent with this presumption and also with the broader goals of arbitration, namely, informality and efficiency. On the basis of the language and purpose of the regulation, we conclude that its prescription of an executive panel session is directory.

In light of our conclusion that the regulation is directory, the plaintiff's claim that the panel's failure to hold an executive panel session is "per se" prejudicial and, therefore, that the award should properly be vacated without regard to actual prejudice must fail. *Broadriver, Inc.* v. *Stamford*, 158 Conn. 522, 529, 265 A.2d 75 (1969), cert. denied, 398 U.S. 938, 90 S. Ct. 1841, 26 L. Ed. 2d 270 (1970). Under the limited scope of review set forth in § 52-418, the plaintiff bears the burden of demonstrating that it was prejudiced by the panel's failure to deliberate in an executive session. *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, supra, 203 Conn. 145–46.[6] In the

---

[6] Our conclusion is consistent with the dictum in *O & G/O'Connell Joint Venture*, in which we indicated that holding hearings or conducting deliberations in the absence of a member of an arbitration panel could warrant vacating an award. See *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, supra, 203 Conn. 147, citing *Continental Bank Supply Co.* v. *International Brotherhood of Bookbinders*, 239 Mo. App. 1247, 1258, 201 S.W.2d 531 (1947). That suggestion was made in connection with a Missouri case in which a single arbitrator had signed the award and the other two members had never even considered the matter. Such factual

present case, "[t]he only evidence before the court was the stipulation of the parties that no three-way discussions were held by the members of the arbitration panel." *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, supra, 37 Conn. App. 6–7. The panel's decision was unanimous and the plaintiff presented no evidence to suggest that any of the panel members who signed the arbitration award did not fully consider the case or was not satisfied with the level of deliberation that had occurred. We conclude, therefore, that the plaintiff failed to meet its burden of proof with regard to prejudice from the panel's actions and that, in the absence of such evidence, the Appellate Court properly required the trial court to presume that the actions of the arbitration panel were proper.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

circumstances are distinguishable from those in the present case, in which the panel members were unanimous.