[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CONFIRM ARBITRATION AWARD(#102) RE: OBJECTION TO JUDGMENT FILE (#104)
On June 18, 1997, the plaintiffs, Stamford Municipal Employees Association, Inc. and Ella Baldassare, filed an application to confirm arbitration awards rendered on August 7, 1996 against the defendant, the City of Stamford. On June 30, 1997, the arbitration awards were confirmed by the court (Karazin, J.) and an order to file a judgment file by July 7, 1997 was entered.
On July 14, 1997, the defendant filed an "Objection to Judgment File." This objection states that the defendant "objects to the proposed `[j]udgment [f]ile' dated July 3, 1997" for two reasons: (1) "The terms of the arbitration awards are still in dispute at the State Board of Labor Relations, since Ella Baldassare withdrew her pension contributions . . . and has not repaid said contribution, which the [defendant] claims is in violation of the awards;" and (2) "[the plaintiffs] improperly asks for costs which are unauthorized by statute, and to which a separate objection has been filed." On July 28, 1997, this court vacated the granting of the application to confirm the arbitration award. The court ordered the parties to file memorandums of law regarding the defendant's objections. Oral argument regarding same was heard on September 15, 1997.
The court notes, as an initial matter, that the defendant's memorandum of law and "objection to judgment file" does not contain a single citation to legal authority. "When a memorandum of law fails to cite any legal authority, the memorandum is functionally equivalent to no memorandum at all . . . ." (Citation omitted; internal quotation marks omitted.) Raub v.Dream Factory, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 315846 (May 28, 1996, Hauser, J.). Further, the court is unable to find authority for a procedural vehicle entitled "objection to judgment file." Nevertheless, the court will address the objection.
The plaintiffs argue in the application to confirm the arbitration award that the defendant's objection is "[j]urisdictionally defective[,] . . . based upon misleading and erroneous facts[,] and . . . seriously untimely." CT Page 13389
"The scope of judicial review in an arbitration action is expressly limited by the terms of § 52-418. In the absence of a showing of a violation of the statute, the courts should not interfere in the arbitral decision." Metropolitan DistrictCommission v. AFSCME, 237 Conn. 114, 118, 676 A.2d 825 (1996).
General Statutes § 52-418 allows a court to vacate an arbitration award only if it finds one of the following defects: "(1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
Additionally, "[General Statutes §] 52-420 (b) requires that a motion to vacate an arbitration award be filed within thirty days of the notice of the award to the moving party. If the motion is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion." Middlesex Insurance Co. v. Castellano, 225 Conn. 339,344, 623 A.2d 55 (1993).
In the present case, the defendant's "objection" is improper under both General Statutes § 52-418 and General Statutes § 52-420. It is undisputed that the "objection" is not based on one of the four reasons enumerated in General Statutes §52-418. It is also undisputed that the defendant received notice of the award in August of 1996. The "objection" was not filed until July of 1997. July of 1997 is more than thirty days after August of 1996. The court, therefore, lacks subject matter jurisdiction to address the merits of the defendant's objection.
General Statutes § 52-417 states: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or CT Page 13390 corrected as prescribed in [General Statutes §§] 52-418 and52-419." (Emphasis added.)
Here, the arbitration award has not been vacated, modified or corrected as prescribed in General Statutes §§ 52-418 or52-419. Pursuant to General Statutes § 52-417, this court has no choice but to grant the application confirming the arbitration award. The application to confirm the arbitration award is granted and the defendant's "objection to the judgment file" is overruled.
So ordered.
Dated at Stamford, Connecticut, this 12 day of December, 1997
KARAZIN, J.