[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION TO VACATE, CORRECT OR MODIFY THE ARBITRATION AWARD
The plaintiff, Anna Duda, seeks an order vacating, correcting or modifying an arbitration award involving matters between her and the defendant, Assurance Company of America. After the plaintiff was injured in an automobile accident caused by the negligence of an unknown "hit and run" driver, she made a claim against the defendant for uninsured motorist benefits. A three-member arbitration panel conducted a hearing over this claim and awarded the plaintiff the net sum of $12,500.
In her application, the plaintiff alleges that the award is not final and definite because the arbitrators exceeded their powers and/or so imperfectly executed them by failing to conform their award to Connecticut law. First, the plaintiff contends that the arbitrators failed to determine that the plaintiff became totally disabled as a result of this accident even though the plaintiff was determined to be totally disabled by the Social Security Administration. Second, the plaintiff contends that the arbitrators failed to accept the testimony of the defendant's orthopedic surgeon. Third, the plaintiff contends that the arbitrators made the award based only on a 3-5% increase of a disability of a pre-existing condition, thereby failing to make an award based on a 100% disability. Fourth, the plaintiff contends that the arbitrators completely ignored the law as established in Vitti v. Allstate Ins. Co., 243 Conn. 169, 171,___ A.2d ___ (1998), which states that after an award is made, the defendant is entitled to a credit for the actual sum received and to be received from social security that is attributed to the current claim of injury or disability. Fifth, the plaintiff contends that the arbitrators improperly made an award based on the 3-5% disability rating of the defendant's orthopedic surgeon, when they should have utilized these percentage figures as a credit. Sixth, the plaintiff contends that the arbitrators misapplied the law by allotting the defendant a five thousand dollar credit for basic reparations benefits paid.
The defendant argues that the submission is unrestricted and CT Page 1493 that the court cannot set aside the award because it does not manifest an "egregious or patently irrational application of the law." (Defendant's Memorandum in Opposition). In countering the plaintiff's argument that the arbitrators completely ignored the law by failing to properly compute the social security disability benefits as a credit to the defendant, the defendant argues that there is no evidence that the arbitrators made any finding that the plaintiff received or, would receive, any social security disability benefits. Furthermore, the defendant notes that the arbitration award is silent on the issue of a reimbursement credit for social security disability benefits.
The defendant further argues that the plaintiff erroneously assumes that the award provides an improper reimbursement to the defendant for basic reparations paid. Specifically, the defendant contends that the reimbursement is proper because it represents a five thousand dollar credit required under the policy for medical benefits paid to or on behalf of the plaintiff.
As a threshold matter, it should be noted that both parties agreed at oral argument that the submission to arbitration was unrestricted. When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission.Saturn Construction Co. v. Premier Roofing Co., 238 Conn. 293,304, 680 A.2d 1274 (1996). "The court will generally examine whether the award conforms to the submission; it will not review an arbitrator's decision in an unrestricted submission merely for errors of law, errors in the application of the law to the facts or the relative merits of an unsatisfied party's claim." ForgeSquare Associates Ltd. Partnership v. Construction Services ofBristol Inc., 33 Conn. App. 669, 671, 638 A.2d 606, cert. denied,229 Conn. 913, 642 A.2d 1207 (1994). The party applying to vacate the award must demonstrate the nonconformity of the award to the submission. Fraulo v. Gabelli, 37 Conn. App. 708, 717,686 A.2d 125, cert. denied, 239 Conn. 947, 686 A.2d 125 (1995).
It is clear that a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results. Thus, the court has previously held that the parties should be bound by a decision that they contracted and bargained for, even if it is regarded as unwise or wrong on the merits. Saturn ConstructionCo. v. Premier Roofing Co., supra, 238 Conn. 304. CT Page 1494
In her application, the plaintiff alleges that the arbitrators "failed to conform their award to the laws of the State of Connecticut, thereby exceeding their powers and/or so imperfectly executing them that a final and definite award upon the subject matter was not made. . . ." Thus, the only ground that could be reasonably interpreted from the language of the application is that the award violates § 52-418 (a)(4).[1]
An award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418 (a)(4)[2] because the arbitrator has exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Saturn Construction Co. v. PremierRoofing Co., supra, 238 Conn. 304. The manifest disregard of the law ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles. Id.
The test for proving a manifest disregard of the law includes three elements, all of which must be satisfied: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable. Id., 305. The court will make every reasonable presumption in favor of the award, and the plaintiff has the burden of producing evidence sufficient to demonstrate a violation of § 52-418.Metropolitan District Commission v. AFSCME Council 4 Local 184,237 Conn. 114, 119, 676 A.2d 825 (1996).
The plaintiff fails to present any evidence that the arbitrators exceeded their authority as granted in the submission. In addition, although the plaintiff lists several examples of how the arbitrators allegedly failed to conform their award to Connecticut law, she fails to demonstrate or even allege that the award constitutes an egregious or patently irrational application of the law. Specifically, the plaintiff fails to provide evidence that the arbitrators manifestly disregarded any clearly established legal principles. The plaintiff points to no specific cases or authorities which illustrate that the alleged failures constitute a "manifest disregard of the law." Even if the arbitrators were to have misapplied the law, such a CT Page 1495 misconstruction of the law would not demonstrate the arbitrators' egregious or patently irrational rejection of clearly controlling legal principles. Garrity v. McCaskey, 223 Conn. 1, 11-12,612 A.2d 742 (1992).
Because the plaintiff has failed to establish grounds for vacating, modifying or correcting the award, the plaintiff's application should be and is hereby DENIED.
___________________________ MELVILLE, J.