CARLO BIANCHI & COMPANY, INC. v. TOWN OF GROTON ET AL.

SUPERIOR COURT  NEW LONDON COUNTY  FILE No. 16160

Memorandum filed June 4, 1946.

*Brown* and *James,* of Norwich, for the Plaintiff.

*Waller, Anderson* and *Smith,* of New London, for the Defendant.

INGLIS, J. This appears to be an action primarily for a declaratory judgment declaring the rights of a taxpayer and a town with reference to a tax levied on an assessment, which the taxpayer claims was illegal because it was arbitrary and grossly excessive. The sole grounds of demurrer are that the action must have been brought under § 165f, Sup. 1941, and was brought neither to the Court of Common Pleas nor within one

year after date of assessment, as is required by that statute. The contention of the plaintiff is that the action is not brought under § 165f and therefore is not subject to the limitations specified in that statute.

It is apparent that the plaintiff could have proceeded under that statute. The section provides for relief not only where a tax has been laid on property not taxable in the town in whose tax list the property was set but also where the tax was computed on an assessment which, under all of the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the law. The basis of this action is the claim that the assessment was excessive to that extent. The real question involved on this demurrer is therefore whether the existence of the remedy provided by the statute precludes a recourse to any other remedy.

The statute in question was first adopted in 1921. Prior to that time a taxpayer against whom an illegal assessment had been laid was not remediless. He could resist the collection of the tax, recover it after it had been paid, or, in extreme cases, might even procure an injunction against its collection. *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 391, and cases cited. So far as substantive rights are concerned, the statute merely briefly declares those which had always existed at law and in equity. *Mead* v. *Greenwich,* 131 Conn. 273, 275. It created no new substantive rights. In other words, even without the statute, the plaintiff here would have a cause of action.

So far as remedy is concerned, it should be pointed out that the statute itself expressly provides that the remedy there granted shall be "in addition to the other remedies provided by law." As is said in *Connecticut Light & Power Co.* v. *Oxford,* supra, "To these recognized remedies the statute of 1921 merely added one more, and this added remedy was, properly speaking, merely declaratory of existing legal and equitable rights." The use of the phrase just quoted from the statute clearly indicates that the intention of the legislature was not to make the procedure set up in the statute exclusive. It was intended to keep alive for aggrieved taxpayers all other remedies which might exist.

It is true that in the opinion in *Cohn* v. *Hartford,* 130 Conn. 699, 704, there is a dictum to the effect that the statute was intended to take the place of the remedy in equity and precludes a resort to equity generally in such a case as this. To

support that dictum the case of *Rowe* v. *Hampton,* 75 N. H. 479, 76 Atl. 250, is cited. That case rests on the equitable principle that equity will not intervene where there is an adequate remedy at law, and apparently that is all that the dictum means to say—that is, that inasmuch as the statute provides an adequate remedy equity generally will not act. It does not follow, however, that the existence of this statutory remedy excludes any common-law remedy or any other statutory remedy.

The remedy by way of declaratory judgment is not an equitable remedy, certainly not to the extent that it is precluded by the existence of a common-law remedy or another statutory remedy. It is expressly provided by statute and rule that a prayer for a declaratory judgment may be joined with prayers for other relief.

On the whole, therefore, it is clear that the remedy by way of declaratory judgment in the case of a claimed illegal assessment is one of those "other remedies" to which § 165f refers. The remedy provided by § 165f is in addition to it and does not preclude it.

For the foregoing reasons the demurrer is overruled.