[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This action is an appeal from an alleged illegal assessment taken under the provisions of General Statutes Section 12-119, Remedy When Property Wrongfully Assessed.
The defendant tax assessor has moved to dismiss the action on the claim that this court lacks subject matter jurisdiction because the Town of Weston is not a party to this action. The motion is predicated on the claim, in the first instance, that the Town of Weston is a necessary party to an appeal under Section 12-119, since the statute provides that if the assessment is reduced by the Superior Court, "the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."
The defendant, in the second instance, claims that a relief requested is to declare the 1991 particular revaluation and reassessment of the property which is the, subject of this appeal to be illegal and invalid, reversing the same and restoring the assessments on as they appeared on the Grand List of October, 1990. This relief, the defendant claims, seeks a declaratory judgment and as such is governed by the Practice Book Section 390(d), adopted under the authority of General statutes Section 52-29(b). CT Page 2704
As to the first claim, that the Town of Weston is a necessary party to the appeal under General Statutes Section12-119, the proper relief, if the Town is in fact a necessary party, is a motion to strike. General statutes Section 52-108; Practice Book Secs. 100, 152; DeRosa v. DeRosa, 22 Conn. App. 114,117, (1990).
As to the second claim, the defendant is correct that Practice Book Section 390(d) requires that all persons having an interest in the subject matter of the complaint be parties to an action for declaratory judgment or have reasonable notice thereof. It is also true that our Supreme Court has held that failure to comply with Section 390(d) in an action for declaratory judgment implicates subject matter jurisdiction and subjects the action to dismissal if all persons having an interest are not made parties or noticed. Kolenberg v. Board of Education, 206 Conn. 113 (1988).
This, however, is not an action under General statutes Section 52-29 for declaratory judgment. This is an appeal under the provisions of General statutes Section 12-119. What the plaintiff essentially seeks is a restoration or reduction to the assessed value as it existed on the Grand List of October, 1990. This is appropriate relief under General statutes Section12-119. Stratford Arms v. Stratford, 7 Conn. App. 496 (1986). In order to do this, the court must necessarily have to declare that the reassessment of 1991 was illegal because of the assessor "disregarding the provisions of the statutes for determining the valuation of such property." The plaintiff might possibly have also brought an independent action for declaratory judgment, but did not. Carlo Bianchi Co. v. Groton, 14 Conn. Sup. 119
(1946).
If the Town of Weston is a necessary party on the issue of whether the valuation of this property comported with statutory requirements, then the appropriate motion to attack the failure to join the Town as a defendant is, as indicated, a motion to strike.
The defendant's motion to dismiss is denied.
NIGRO, J. CT Page 2705