SAYBROOK POINT MARINA PARTNERSHIP *v.* TOWN OF OLD SAYBROOK ET AL.
(AC 16251)

Foti, Landau and Spear, Js.

 

Argued February 23—officially released June 16, 1998

*Deborah J. Blood*, with whom were *Linda L. Morkan* and, on the brief, *Gurdon H. Buck*, for the appellant (plaintiff).

*Jeremiah Donovan*, for the appellees (defendants).

*Opinion*

SPEAR, J. The defendant tax assessor for the town of Old Saybrook (assessor) assessed two parcels of the plaintiff's property located in Old Saybrook.[1] The plaintiff challenged the tax assessments in two separate actions before the defendant board of tax review for the town of Old Saybrook (board), which decreased the assessor's valuation of one parcel and upheld the valuation of the second parcel. The plaintiff then

---

[1] The defendants in this appeal are the tax assessor, the board of tax review for the town of Old Saybrook, and the town of Old Saybrook.

brought two separate actions pursuant to General Statutes (Rev. to 1989) § 12-118[2] and General Statutes § 12-119,[3] claiming that the properties had been wrongfully assessed and improperly valued. The trial court, which heard the cases together, dismissed certain portions of the plaintiff's complaints as time barred, reduced the valuation of each "condominium" unit from $400,000 to $275,000, and affirmed the board's decisions in all other respects.

On appeal, the plaintiff claims that the trial court improperly (1) concluded that the residential buildings could be assessed as condominiums, (2) dismissed certain counts of each complaint as time barred, (3) failed to apply the bulk sale method of appraisal, (4) denied the plaintiff's motion to stay this action pending the resolution of a related case, and (5) failed to award interest upon reducing the valuation of the units. We reverse the trial court's determination that the plaintiff's property was properly assessed as condominiums and order a new trial. Consequently, we do not need to address the bulk sale appraisal method, the interest and

[2] General Statutes (Rev. to 1989) § 12-118, now General Statutes § 12-117a, provides in relevant part: "Any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the findings or determinations of the Connecticut appeals board for property valuation may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court . . . ."

[3] General Statutes § 12-119 provides in relevant part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof or any lessee thereof whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court . . . ."

the stay issues.[4] We affirm the trial court's judgment with respect to the dismissed claims because the record is inadequate to review the timeliness issues.

The following facts are relevant to this appeal. The plaintiff bought the subject parcels of land in 1980 and began constructing an inn and marina on one parcel and a condominium complex on the second parcel. When the three condominium buildings were completed in 1990, 1991 and 1992, the plaintiff was unable to sell them as condominiums due to an unfavorable real estate market. Instead, the plaintiff rented out the units as apartments.

Beginning in 1989, the assessor determined the fair market value and the assessed value of the plaintiff's property, revising the valuations annually as the residential and commercial projects were completed or altered. The plaintiff now challenges the assessor's valuations and assessments of its property from 1989 through 1993. The plaintiff contends that its residential complex was improperly assessed as condominiums rather than as apartments. The plaintiff also claims that the trial court's valuation of its property grossly exceeds the property's fair market value because the court appraised the "condominiums" as if they were to be sold individually, rather than applying the bulk sale method of appraisal. The plaintiff now seeks review of trial court's decision affirming the assessor's appraisal methods and evaluation of the plaintiff's properties.

---

[4] We do not know what appraisal testimony will be offered in the new trial or what appraisal method the trial court might find to be most appropriate. The trial court has discretion to assess such evidence. The question of whether to award interest necessarily depends on the outcome of the new trial with respect to the value of the property. Because we conclude that the buildings are not condominiums, the motion to stay this case, pending the resolution of the plaintiff's challenge to the zoning regulations that limit multifamily residences in the subject area to condominiums, is moot.

I

The plaintiff first claims that the trial court improperly concluded that its residential complex was properly assessed as condominiums, rather than as apartments. We agree.

The plaintiff specifically argues that its failure to file a "declaration of condominium," as required by General Statutes § 47-220 (a),[5] precludes the assessor from assessing its property as condominiums. Our case law clearly supports the plaintiff's argument. In *Stratford Arms Co.* v. *Stratford,* 7 Conn. App. 496, 500, 508 A.2d 842 (1986), this court concluded that the plaintiff's property should have been assessed as apartments rather than condominiums because no declaration of condominium had been filed at the time of the assessment. The *Stratford Arms Co.* court stated: "General Statutes § 47-71 (b)[6] provides that any declaration of condominium or other condominium instruments 'shall not be of legal effect until filed or recorded on [such] land records . . . .' It is clear, therefore, that regardless of any intention or preparatory conduct of a property owner to convert its property to condominiums, the property has no condominium status until proper condominium instruments; see General Statutes § 47-68a (d); are recorded." *Stratford Arms Co.* v. *Stratford,* supra, 500; see also *Fyber Properties Killingworth Ltd. Partnership* v. *Shanoff,* 228 Conn. 476, 483–84, 636 A.2d 834 (1994); *Hall Manor Owner's Assn.* v. *West Haven,* 212 Conn. 147, 153, 561 A.2d 1373 (1989).

Here, the plaintiff has not filed a declaration of condominium. Nevertheless, the trial court determined that

[5] General Statutes § 47-220 provides in relevant part: "(a) A common interest community may be created pursuant to this chapter only by recording a declaration . . . . The declaration shall be recorded in every town in which any portion of the common interest community is located . . . ."

[6] General Statutes §§ 47-68a through 47-90c, entitled the "Condominium Act," govern the creation of condominiums and the rights and obligations incident thereto.

the plaintiff's property should be assessed as condominiums by improperly distinguishing *Stratford Arms Co.* on its facts. In its memorandum of decision, the trial court emphasized that the plaintiff in the present case had always intended to use its property as condominiums, and was only using them as apartments on a temporary basis, while the property owner in *Stratford Arms Co.* had always used his property as apartments prior to the assessment. Our case law and statutes make clear, however, that this distinction has no significance. While an owner's intent to convert its property to condominiums in the immediate future is material for purposes of establishing the *fair market value* of that property; see *Carol Management Corp.* v. *Board of Tax Review*, 228 Conn. 23, 38, 633 A.2d 1368 (1993); *Stamford Apartments Co.* v. *Stamford*, 203 Conn. 586, 592, 525 A.2d 1327 (1987); it is not determinative of whether the property may be properly *assessed* as a condominium. See *Stratford Arms Co.* v. *Stratford*, supra, 7 Conn. App. 500. Rather, the sole factor in determining whether property should be assessed as a condominium is the existence of a valid declaration of condominium. Id.

In determining that the plaintiff's property should be assessed as condominiums, the trial court also relied on local land use regulations that prohibit apartments where the plaintiff's property is located. Whether the plaintiff's use of its property as apartments would have violated local land use regulations is irrelevant for tax assessment purposes. When the trial court found that no declaration of condominium had been filed, it could not uphold the assessment of the plaintiff's property as condominiums. Id. In holding otherwise, the trial court improperly construed our case law and statutes so as to be consistent with local zoning regulations. See *Fyber Properties Killingworth Ltd. Partnership* v. *Shanoff*, supra, 228 Conn. 486, which stated that "municipal regulations provide limited guidance for the interpretation

of state statutes. . . . Thus, local regulations must be consistent with statutes, but [courts] are not obligated to read statutes so as to be consistent with local regulations." (Citations omitted.) Whether the plaintiff's use of its property is consistent with local zoning regulations is outside the context of this tax appeal.

Because it is undisputed that the plaintiff has never filed a declaration of condominium, the trial court's finding that the property could be assessed as condominiums was improper.

## II

The plaintiff next claims that the trial court improperly dismissed portions of its complaint as time barred. The trial court found that it was without jurisdiction to hear counts three and four of the plaintiff's § 12-119 action,[7] and counts three, four, five and six of the § 12-118 action,[8] finding that they were not brought within the time limits mandated by those statutes. Specifically, § 12-119 provides that the property owner must bring a manifestly excessive tax action "within one year from the date as of which the property was last evaluated for purposes of taxation." General Statutes (Rev. to 1989) § 12-118 provides that a property owner "claiming to be aggrieved by the findings or determinations of the Connecticut appeals board[9] for property valuation may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court . . . ."

---

[7] Counts three and four of the plaintiff's § 12-119 action allege that the 1989 assessment wrongfully assessed its Marina Point Apartments as condominiums and as waterfront property.

[8] Counts three, four, five and six of the plaintiff's § 12-118 action allege that the 1989, 1991 and 1992 valuations of its inn and marina complex and the 1989 valuation of its apartments grossly exceed the fair market value of those properties.

[9] Under General Statutes § 12-117a, "Connecticut appeals board for property valuation" is now replaced by the "board of tax review or the board of assessment appeals."

Regarding the § 12-119 action, the plaintiff asserts that the trial court should have found that the action was timely filed. In the alternative, the plaintiff contends that the defendants are equitably estopped from claiming that portions of the plaintiff's complaint are time barred because the defendants did not provide a final assessment of the plaintiff's property until four months after they claimed to have done so. Regarding the § 12-118 action, the plaintiff claims that it never received notice that the assessor had increased the value of its property pursuant to General Statutes § 12-55.

In its memorandum of decision, the trial court merely stated that the specific counts of the plaintiff's actions were "brought outside of the time limits mandated by [§§] 12-118 and 12-119." The plaintiffs did not request an articulation of the court's reasons for these conclusions. Neither the transcripts nor the record provides this court with the necessary facts to decide whether the trial court improperly found the plaintiff's actions to be time barred, or whether the plaintiff's equitable estoppel and lack of notice claims had merit. Accordingly, there is no basis for our reviewing that decision. Because the plaintiff failed to provide us with an adequate record, we decline to afford review of its claim. See *State* v. *Coleman*, 48 Conn. App. 260, 274, 709 A.2d 590, cert. granted, 245 Conn. 907, 718 A.2d 15 (1998); see also Practice Book § 4061, now Practice Book (1998 Rev.) § 60-5.

The judgments are reversed with respect to the assessment of the plaintiff's property as condominiums and the case is remanded for a new trial on the issues of assessment and valuation of the property. The judgments are affirmed as to the dismissal of counts three and four of the plaintiff's action filed pursuant to General Statutes § 12-119, and as to the dismissal of counts three, four, five and six of the plaintiff's action filed pursuant to General Statutes (Rev. to 1989) § 12-118.

In this opinion the other judges concurred.