[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was heard by the court following the filing by the plaintiff of a motion for contempt.[1] The defendant filed an objection to the motion and both parties filed memoranda in support of their respective positions. In addition, the plaintiffs filed a rebuttal brief. The matter was heard by the court on March 31, 2000. Though a motion for contempt has triggered the hearing of this matter, the parties agreed that they are not really seeking a determination of whether the conduct of the agent(s) of the defendant was contemptuous in the CT Page 15214 technical and legal sense. Rather, the parties agreed that the issue for this court to decide is one of apparent first impression: whether or not the plaintiffs have legally converted from a condominium to a cooperative, thereby obligating the assessor of the defendant to reassess their property.
FACTUAL BACKGROUND
The plaintiffs are West Cove Marina Corporation and sixty (60) individual unit owners of West Cove Marina Condominiums. The defendant is the city of West Haven. The plaintiffs filed their complaint in this action on May 22, 1996. In the first count of the complaint they appealed the real estate tax assessments of West Cove Marina Condominiums on the October 1, 1995 list of the city of West Haven. In the second count they alleged that the assessments by the city of West Haven were excessive, disproportionate and illegal.
Prior to trial, on April 28, 1998, the parties reached an agreement and stipulated to a judgment in favor of the plaintiffs. Said stipulation required the following: "[T]he total fair market value of all condominium units shall be reduced to one million seven hundred and ninety eight thousand seven hundred dollars. ($1,798,700.00). The assessor shall revalue each unit according to the size of the unit, . . . And a written stipulation assigning such revised value shall be filed with the court and shall be become the revised valuation of each unit. In the event that plaintiff West Cove Condominium Association shall convert itself from [a] condominium to . . . a cooperative form of ownership or shall dissolve the condominium declaration then the assessor agrees that she shall revalue the subject premises as an interim reassessment based upon such unified or single ownership in accordance with applicable law." (Transcript of hearing April 28, 1998, p. 2.).
The parties agree that, in compliance with the stipulated judgment, the assessor of the city of West Haven reduced the assessment on the subject property for the list of October 1, 1998. The assessor has not, however, filed a written stipulation of the pro-rata reduction of the units with the court.[2] In addition, the assessor has refused to reassess the property as a cooperative claiming that the plaintiffs have not properly converted the property to a cooperative in accordance with the Common Interest Ownership Act (CIOA), General Statutes § 47-200 et seq.
According to the plaintiffs, the original condominium was created by declaration, recorded on October 15, 1987, in the West Haven land records in volume 815 at page 108, subject to and in compliance with the Common Interest Ownership Act.[3] Said declaration of condominium required approval by 75 percent of the unit owners to amend the declaration. The CT Page 15215 parties agree that the required number of unit owners voted to amend the declaration of condominium to convert the condominium to a cooperative form of ownership. They agree that on September 29, 1998, an amended declaration was filed in the West Haven land records in volume 1070 at page 100 along with the consent and deeds of 108 of 122 unit owners conveying their interests in the condominium to the cooperative. The amended declaration incorporates a property description attached as Schedule A, a survey showing 122 units attached as Schedule B, and a chart of allocated interests to all 122 units attached as Schedule C.
ARGUMENTS OF THE PARTIES
The plaintiff's claim that the defendant's assessor must reassess their property as a cooperative. Essentially, the plaintiffs assert that because they are converting their ownership interest from one form of common interest community (i.e., a condominium) to another (i.e., a cooperative) they may do so by following the requirements for amending their declaration. By implication, they argue that they are not "creating" a common interest community and thus are not bound by the requirement that all the subject real property be conveyed to the association.
In opposition, the defendants argue that the assessor is not required to reassess the property because the plaintiffs have not converted the property to a cooperative pursuant to the Common Interest Ownership Act. The defendant maintains that the plaintiffs can only convert the condominium into a cooperative by terminating the condominium,[4]
filing the proper documents[5] and conveying all 122 units to the cooperative.
ISSUE IN DISPUTE
By agreement of the parties, the issue in dispute for this court to resolve is whether a condominium can be converted to a cooperative form of ownership by recording an amended declaration and conveying to the cooperative 90 percent of the land subject to that declaration. For reasons more fully explained below, this court holds that, in accordance with the Common Interest Ownership Act, a condominium cannot be converted to a cooperative by recording an amended declaration and conveying to the cooperative less than 100 percent of the land subject to that declaration.
LEGAL DISCUSSION
 Common Interest Ownership Act
The determination of whether or not the plaintiffs properly converted CT Page 15216 from a cooperative to a condominium requires examination of the Common Interest Ownership Act. The Common Interest Ownership Act "is a comprehensive legislative scheme that governs the creation, organization and management of all forms of common interest communities." Fruin v.Colonnade One at Old Greenwich Ltd. Partnership, 237 Conn. 123, 130,676 A.2d 369 (1996). Under CIGA, a cooperative is defined as "a common interest community in which the real property is owned by an association, each of whose members is entitled by virtue of his ownership interest in the association to exclusive possession of a unit." General Statutes § 47-202 (10). A condominium is defined as "a common interest community in which portions of the real property are designated for separate ownership and the remainder of the real property is designated for common ownership solely by the owners of those portions. A common interest community is not a condominium unless the undivided interests in the common elements are vested in the unit owners." General Statutes § 47-202 (8).
"[CIOA] has five major parts. Part I of the act contains general provisions, including definitions of the three forms of common interest ownership: the condominium; General Statutes § 47-202 (8); the cooperative; General Statutes § 47-202 (10); and the planned community, a residual category of developments that are not condominiums or cooperatives but nonetheless come within the scope of the act. General Statutes § 47-202 (23). Part II of the act governs the creation, alteration and termination of common interest communities. General Statutes §§ 47-220 through 47-242. Part III concerns the managerial aspects of the common interest community, including the organization and power of the unit owners association. General Statutes §§ 47-243 through 47-261. Part IV affords protection to unit buyers through its disclosure and warranty provisions. General Statutes § § 47-262 through 47-281. . . . CIOA expressly aspires to serve as a general act intended as a unified coverage of its subject matter. . . . General Statutes § 47-208." (Citation omitted; internal quotation marks omitted.) Fruin v. Colonnade One at Old Greenwich Ltd.Partnership, supra, 237 Conn. 130-31.
Conversions of Common Interest Ownership Properties
Although the statute does not set forth a procedure for converting from one form of ownership to another, it does provide the necessary procedure for the creation of a cooperative form of ownership: "A common interest community may be created pursuant to this chapter only by recording a declaration executed in the same manner as a deed and, in a cooperative, by conveying the real property subject to that declaration to the association. " General Statutes § 47-220 (a). CT Page 15217
The relevant statutes, legislative history and prior case law do not address the issue of whether a cooperative can be established by amendment of a declaration of condominium and a conveyance of less than 100 percent of the land subject thereto. Courts have, however, addressed the requirements for the creation of other forms of common interest communities under the Condominium Act of 1976, General Statutes §47-68a et seq. (governing condominiums created prior to January 1, 1984), and the Common Interest Ownership Act as it relates to condominiums and planned unit developments. See, Hall Manor Owner'sAssn. v. West Haven, 212 Conn. 147, 561 A.2d 1373 (1989); Saybrook PointMarina Partnership v. Old Saybrook, 49 Conn. App. 106, 712 A.2d 980, cert. denied, 247 Conn. 904, 720 A.2d 515 (1998); see also Stratford ArmsCo. v. Stratford, 7 Conn. App. 496, 508 A.2d 842 (1986). In those cases the courts determined that the requirements for creating a common interest community are mandatory.[6] The mandatory wording of General Statutes § 47-224 of the Common Interest Ownership Act, describing the requirements of declarations, is identical to that of General Statutes § 47-70 of the Condominium Act of 1976, which was interpreted in Hall Manor Owner's Assn. v. West Haven, and Stratford ArmsCo. v. Stratford.
As noted above, General Statutes § 47-220 (a) provides: "A common interest community may be created pursuant to this chapter only by recording a declaration executed in the same manner as a deed and, in a cooperative, by conveying the real property subject to that declaration to the association. . . ." (Emphasis added.) "It is well settled that a statute must be applied as its words direct. . . . If the statutory language is clear and unambiguous, there is no room for construction." (Citations omitted; internal quotation marks omitted.) Hall Manor Owner'sAssn. v. West Haven, supra, 212 Conn. 157. "In reviewing a statute, our objective is to discern and effectuate the legislature's apparent intent. . . . We look first to the language of the statute . . . which must be read in the context of the underlying statutory scheme." (Citations omitted.) Fyber Properties Killingworth Ltd. Partnership v.Shanoff, 228 Conn. 476, 482, 636 A.2d 834 (1994). The statutory language of § 47-220 (a) is clear and unambiguous. Furthermore, CIOA specifies that its requirements are mandatory and that "[e]xcept as expressly provided in this chapter, its provisions may not be varied by agreement, and rights conferred by it may not be waived." General Statutes §47-203. The legislature's apparent intent was that a common interest community can be created only by strict compliance with the statutory procedures set forth.
In this case, although the parties disagree on the question of whether the plaintiffs' amended declaration meets statutory requirements, it is undisputed that less than 100 percent of the real property subject to the CT Page 15218 plaintiffs' declaration was conveyed to the association. The amended declaration describes the land subject to the cooperative as all that land previously in the condominium and all 122 units of the original condominium. By the plaintiffs' own admission only 90 percent of that land has been deeded to the cooperative.
In addition, other statutory provisions, the plaintiffs' own declaration of condominium and case law all indicate that regardless of whether it is created or converted, a cooperative can only be established if the ownership complies with the requirements of General Statutes § 47-220 (a). For example, the CIOA provides: "Except to the extent expressly permitted or required by other provisions of this chapter, no amendment may . . . change . . . the allocated interests of a unit, in the absence of unanimous consent of the unit owners." General Statutes § 47-236 (d). Similarly the plaintiffs' declaration of condominium provides: "Except to the extent expressly permitted or required by other provision of the Act and the declaration, no amendment may . . . change . . . the Allocated Interests of a Unit . . . in the absence of unanimous consent of the unit owners." (Plaintiffs' Exhibit 3, Declaration of Condominium, Article XV, § 15.4, p. 19). It is not clear that, as the plaintiff's claim, the conversion from a condominium to a cooperative does not change the unit owners' allocation of interests because each unit owner will have the same shares, rights and privileges in the cooperative. The conversion would, in fact, replace the ownershipinterest which the unit owners had in their units as part of a condominium with a mere right of possession of their units, because, by definition, the real property subject to a cooperative must be owned by the association. In addition, those unit owners who did not convey their units to the association did not receive an interest in the cooperative and thus their allocated interests have clearly been changed.
The plaintiffs cite Townhouse III Condominium Assn., Inc. v. Mulligan,
Superior Court, judicial district of Tolland at Rockville, Docket No. 50183 (March 13, 1995, Klaczak, J.) (14 Conn.L.Rptr. 112) and Board ofDirectors of By The Sea Council of Co-Owners Inc. v. Sondock,644 S.W.2d 774 (Tex.App.Ct. 1982), to support their position that a conversion to a cooperative can be accomplished by an amendment agreed to by fewer than all the unit owners. Those cases merely hold a condominium association may amend its bylaws or declaration to impose property use restrictions if all the unit owners had prior notice of amendment procedures; Townhouse III Condominium Assn., Inc. v. Mulligan, supra,14 Conn.L.Rptr. 114; and the allocation of interests does not change.Board of Directors of By The Sea Council of Co-Owners Inc. v. Sondock,
supra, 644 S.W.2d 781. Those cases do not address the issues of whether change of ownership interests can be accomplished absent unanimous consent or whether a cooperative can be established if less than 100 CT Page 15219 percent of the subject property is conveyed to the cooperative.
CONCLUSION
This court concludes, that absent the unanimous consent of the condominium unit owners, the association may not legally convert to a cooperative unit. This conclusion is mandated by the language of the pertinent statutes and the fact that the conversion changes property rights of the owners. Therefore, the defendant's assessor has not failed to properly assess the property.
Angela Carol Robinson, J.