[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION
CT Page 16796
FACTS:
The following facts are found.
This is an appeal in each case from a decision by the Waterbury Board of Tax Review not to reduce the assessor's valuation of the subject property located at 42 Gayridge Road in the City of Waterbury.
In 1987, the plaintiffs commenced construction of a sixty-four unit condominium development on Gayridge Road. The plans called for two buildings each with seven units and five buildings with ten units each. All approvals for the condominium development had been given by the City. During 1988, the plaintiff completed construction of two buildings and made one sale late that year. In 1989, plaintiff completed another building and continued selling units in the two buildings that had been completed. In 1990, plaintiff began erecting the fourth building when the condominium market became severely depressed. At that time all roads, asphalt paving, water, sewers and foundations for all planned buildings were installed.
Plaintiff financed the construction by virtue of first and second mortgages. By 1990, the plaintiff had sold a total of twenty-seven units. When, in 1990, the plaintiff was unable to sell additional units, the bank agreed to extend the loan on condition that no additional advances for construction would be made.
In 1994, the plaintiff sought additional bank financing to complete construction of the project. The bank advanced the sums on condition that the plaintiff offer the units only as apartments for rent. However, the buildings and/or project were never undeclared as condominiums, and according to the plaintiff, the bank requested that the units remain declared to protect the bank's interests. The subject property's assessment is based on the 1980 valuation as condominiums.
The plaintiff has been involved with condominium development since 1982 and owns several complexes.
The plaintiff called as a witness a real estate consultant and appraiser to opine that the highest and best use of the plaintiff's property on Gayridge Road as of 1994 is as multi-family rental apartments and that the valuation by the City Assessor should be made on that basis. The City Assessor also testified. He determined that the highest and best use of the property as of the last valuation done October 1, 1980, was as condominiums. He made his determination based on the sales CT Page 16797 comparison approach. In 1980, Waterbury had three condominium complexes with the average sales price of a unit being $38,000. The average value of an apartment was $14,000 to $19,000. In 1995, the average selling price of a condominium unit in Waterbury was $55,000 whereas the average valuation of an apartment, based on sales of buildings, was $19,000 to $23,000.
 * * * *
Section 12-62 of the General Statutes governs the valuation of real property for local property taxes. In the form applicable to the circumstances of these cases, it provided that local assessors were required to revalue all real estate in their respective towns or municipalities once every ten years for assessment purposes. See §12-62 (b) Conn. Gen. Stat. as amended by P.A. 89-251, § 190. According to § 12-62 "the assessments derived from each such revaluation shall be used for the purpose of levying property taxes in such municipality in the assessment year in which such revaluation becomes effective and in each assessment year thereafter until the nextsucceeding revaluation . . ." Id. It is conceded by the parties that the subject property would have been assessed based on its fair market value as of October 1, 1980, the date on which the defendant last conducted citywide revaluation of real property.
The determination that the subject properties would be rented as apartments in 1994, and not sold as condominiums, was ultimately prompted by deteriorating market conditions which had developed in Waterbury since revaluation in 1980.
Because the decision to rent the subject units as "apartments" was made because of post-revaluation changes in the condominium market the case ofRalston Purina Co. v. Board of Tax Review, 203 Conn. 425 (1987) applies. In Ralston Purina, the owner of a mushroom farm located in Franklin, sought a reduction in its property taxes because of a post-revaluation decline in the mushroom growing business which was caused by increasing out of state competition. Our Supreme Court held that the plaintiff was not entitled to tax relief because of market conditions which had arisen since the date of the town of Franklin's last revaluation, because the "decennial revaluation of real property mandated by § 12-62 is the exclusive remedy provided by the legislature `for variations in the effect of market conditions on different parcels. . . .'" Id. at 437.
The plaintiff has also challenged Waterbury's appraiser's determination that the highest and best use of the subject property is for condominiums. The court disagrees with that challenge. The appraiser used the market sales approach to reach his conclusion and the court is CT Page 16798 persuaded by his testimony. In weighing the opinions of highest and best use proffered by both plaintiff and defendant, the claims of the parties in light of all the circumstances in evidence bearing on value, it is the court's conclusion that the highest and best use of and value of the property is for condominiums. See Ireland v. Wethersfield, 242 Conn. 550,556-557 (1998).
Finally, "[t]he sole factor in determining whether property should be assessed as a condominium is the existence of a valid declaration of condominium," Saybrook Point Marina Parts v. Town of Old Saybrook,49 Conn. App. 106 (1998). There is a valid declaration in this case.
For the foregoing reasons, judgment shall enter for the City of Waterbury.
BY THE COURT
Howard Scheinblum, J. Judge of the Superior Court