AFSCME, COUNCIL 15, LOCAL 3153 *v.*
TOWN OF NEWTOWN
(AC 17053)

Foti, Landau and Spear, Js.

444

Argued January 20—officially released July 21, 1998

*Harry B. Elliott, Jr.,* for the appellant (plaintiff).

*Nancy M. Markey,* for the appellee (defendant).

*Opinion*

SPEAR, J. In this appeal, the plaintiff, AFSCME, Council 15, Local 3153, asserts that the trial court improperly confirmed the ruling by the state board of mediation and arbitration (board) that the dispute between the parties was not arbitrable. The plaintiff claims that the question of whether the dispute was arbitrable was never properly before the board because (1) the defendant, the town of Newtown, waived its right to raise that issue by proposing a submission that was addressed to the merits of the dispute and (2) the board relinquished its authority to decide whether the

dispute was arbitrable by entertaining submissions on the merits and ultimately framing a submission that addressed the merits of the dispute.[1] We disagree and affirm the judgment of the trial court.

The parties stipulated to the following facts. The plaintiff filed a grievance alleging that the defendant had violated the parties' collective bargaining agreement (agreement) by taking the position that the employees of the Newtown police department had to be at least fifty-five years old at the time of a nondisability retirement to be eligible for an annual cost of living increase in their pensions. The plaintiff claimed that employees who retire on a nondisability pension before age fifty-five, rather than being disqualified from cost of living increases, would be entitled to the cost of living increases upon reaching age fifty-five. The plaintiff ultimately filed a demand for arbitration with the board, as provided for in the agreement. The defendant, pursuant to General Statutes § 31-97,[2] timely filed a notice with the board that the dispute was not ripe and, therefore, was not arbitrable because the defendant had not actually applied its interpretation of the agreement to any employee.

---

[1] In its brief, the plaintiff casts its claims as five separate issues: (1) Does a party to an arbitration waive or abandon its right to contest the right to arbitrate a dispute by proposing a submission that is addressed to the merits of the dispute? (2) Do arbitrators lack authority to address the issue of arbitrability when the parties have proposed submissions that are addressed only to the merits of the dispute? (3) Do arbitrators lack authority to find that a dispute is not arbitrable after the arbitrators have framed a submission that addresses only the merits of the dispute? (4) Did the trial court err in not vacating the award? and (5) Did the trial court err in confirming the award?

[2] General Statutes § 31-97 (b) provides in relevant part: "No panel of [the] board may consider any claim that one or more of the issues before the panel are improper subjects for arbitration unless the party making such claim has notified the opposing party and the chairman of the panel of such claim, in writing, at least ten days prior to the date of hearing . . . ."

Because the parties could not agree on a submission,[3] the board framed the issue as follows: "What is the proper interpretation of Article XIV, Section 14.16, of the labor contract between the parties, marked joint [exhibit] 1, as to what employees would be eligible for a cost of living adjustment to their pension?"

After hearing testimony from one witness, the board recessed and conferred with counsel for the parties regarding whether the defendant had raised a claim that the dispute was not arbitrable. The plaintiff claimed that the defendant had waived its right to raise the question of whether the dispute was arbitrable by proposing a submission on the merits of the grievance. The defendant disagreed and asserted that it was pursuing its claim that the dispute was not arbitrable. After requesting briefs on the issue, the board suspended the proceedings. The hearing was not reconvened because the board ultimately ruled that the dispute was not arbitrable because no actual dispute existed. The board stated: "[T]he request by the parties is, at best, for a declaratory ruling. The law is well settled that declaratory rulings are to be avoided by the arbitration process. . . . The problem is not ripe for action by this panel."

The plaintiff filed an application in the Superior Court to vacate the award. The application alleged that the board exceeded its authority (1) by ruling that the dispute was not arbitrable and (2) by refusing to rule

---

[3] The plaintiff proposed the following submission: "Did the town breach the 1989-1991 collective bargaining agreement by indicating that nondisabled employees who retire before attaining the age of fifty-five will not receive the cost of living adjustment set forth in Section 14.16 when such employees do attain the age of fifty-five?"

The defendant proposed the following submission: "Whether the town violated § 14.16 of the parties' 1989-1991 agreement in taking the position that one of the eligibility requirements for an employee to receive a cost of living adjustment to his or her retirement benefit is that he or she be at least age fifty-five at the time of his or her retirement, unless the employee retires pursuant to [the disability provisions of] § 14.07?"

on the merits of the dispute.[4] The court granted the defendant's application to confirm the award, and this appeal followed.

We turn first to our standard of review. We disagree with the plaintiff's claim that our review is plenary. Appellate review is limited in scope where, as here, the arbitration is consensual. *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, 237 Conn. 114, 118, 676 A.2d 825 (1996). In consensual arbitration, the contract is the charter of the arbitrator's authority, and we look to that document to determine the scope of the agreement to be arbitrated. *Turner Construction Co.* v. *Eppoliti, Inc.*, 28 Conn. App. 139, 142, 609 A.2d 1064 (1992). The agreement provides that "[t]he decision rendered by the arbitrator(s) shall be final and binding on both parties." Because the agreement contains no restrictions or exceptions as to what disputes are subject to arbitration, the arbitrators are empowered to decide all issues relating to the contract, including whether the dispute is arbitrable. Id., 144.

From the nature of the submission, we determine the scope of our review. "If the submission does not contain limiting or conditional language, then the submission is unrestricted. . . . If the submission is unrestricted, the award is final and binding, and cannot be reviewed for factual or legal error. . . . In addition, if the submission is unrestricted, an arbitrator is not required to decide the issues presented according to law. . . . Thus, [w]here the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the

---

[4] The plaintiff relies on General Statutes § 52-418 (a), which provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Internal quotation marks omitted.) *Metropolitan District Commission* v. *AFSCME, Council 4, Local 3713*, 35 Conn. App. 804, 808, 647 A.2d 755 (1994). Although the plaintiff does not dispute that the submission here was unrestricted, it claims that the award violates General Statutes § 52-418.[5] We are unpersuaded.

I

The plaintiff first asserts that the defendant waived any right to challenge whether the grievance was arbitrable because of its proposed submission on the merits. The plaintiff concedes that the agreement authorizes the board to determine the question of whether the dispute is arbitrable, but asserts that the board's authority was circumscribed by a "subsequent limitation by the parties." The plaintiff claims that a limitation, by way of a waiver, was effected by virtue of each party's proposing a submission on the merits. This claim is without merit.

In addressing a question of whether a dispute was arbitrable, our Supreme Court has stated that "[w]here the authority to arbitrate rests wholly upon contract, an unrestricted submission of a dispute to arbitrators carries with it the power to decide with finality all issues of fact or law relating thereto." (Internal quotation marks omitted.) *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, 206 Conn. 643, 654, 539 A.2d 125 (1988). Where the parties have granted the arbitrators the power to decide whether a dispute is subject to arbitration, the trial court may vacate the

---

[5] See footnote 4.

arbitrators' decision only for violation of § 52-418. Id., 654–55.

In an attempt to bring its claim within the purview of § 52-418 (a) (4), the plaintiff cites only two cases in support of its assertion that the defendant waived its arbitration challenge by proposing a submission on the merits. Neither case is apposite.

In *New Britain* v. *Connecticut State Board of Mediation & Arbitration*, 178 Conn. 557, 561, 424 A.2d 263 (1979), our Supreme Court upheld the trial court's conclusion that "the arbitrability of the underlying dispute must be deemed to have been waived." Our Supreme Court noted that "the city participated, without objection, in the processing of [the employee's] grievance . . . . The record further reveals that the city joined with the union in submitting the dispute over the discharge of [the employee] to arbitration and that the joint submission of the parties neither presented nor reserved any question as to the arbitrability of that dispute. Not until after the underlying dispute had been finally resolved on the merits did the plaintiff raise any question as to the arbitrability of the underlying dispute." Id.

In contrast, the defendant here timely raised the challenge to arbitration before the panel convened and the issue was pursued and briefed before the board. Because the board agreed with the defendant that the dispute was not arbitrable, the merits of the dispute were never reached.

In *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, 237 Conn. 378, 389–90, 677 A.2d 1350 (1996), our Supreme Court held that the trial court properly ruled that the plaintiff city, by continuing to negotiate, waived the misconduct on the part of the arbitrators in refusing to grant the city a continuance of a scheduled arbitration hearing after the city's attorney suddenly

became ill. The city's claim that the arbitration award should be vacated pursuant to § 52-418 (a) (3)[6] came too late because the claim was made after the city had already agreed to the resolution of the dispute that constituted the award. Id. The court noted, however, that waiver is a question of fact and that the trial court properly found that counsel for the city, freely and without coercion, discussed and agreed to a resolution of the dispute. Id., 388.

Here, there was nothing extrinsic to the award, such as misconduct by the board, on which the trial court was required to rule. The plaintiff presented its waiver claim to the board, and the board resolved that issue against the plaintiff. Because the submission was unrestricted, the trial court properly did not address the propriety of the board's ruling.

The plaintiff has the burden of establishing that the award is invalid because it "falls within the proscriptions of General Statutes § 52-418." *State* v. *AFSCME*, 13 Conn. App. 461, 463, 537 A.2d 517 (1988). We conclude that the board's rejection of the plaintiff's waiver claim did not violate § 52-418 (a) (4).

II

The plaintiff next asserts that the arbitrators lacked authority to address the question of whether the dispute is arbitrable because they framed a submission on the merits of the dispute after the parties were unable to agree on the issue to be addressed. We agree with the trial court that by both inquiring into whether the dispute was ripe for arbitration and requesting briefs on the issue, the panel implicitly submitted to itself the question: "Is the dispute arbitrable?" The submission

---

[6] General Statutes § 52-418 (a) provides in relevant part that the Superior Court "shall make an order vacating the award . . . (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown . . . ."

on the merits constituted an additional issue to be addressed only if the board concluded that the dispute was arbitrable.

Our Supreme Court has sanctioned two part submissions, in which the first issue is whether a dispute is arbitrable. "[T]hreshold questions of arbitrability may properly be committed to the arbitrators themselves for determination under the terms of the contract, along with the merits of the underlying dispute." *New Britain* v. *Connecticut State Board of Mediation & Arbitration,* supra, 178 Conn. 560. The plaintiff cites no authority in support of its claim that the arbitrators relinquished their authority to decide whether the dispute was arbitrable because they also had a submission on the merits before them.

"In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission. . . . A challenge of the arbitrator's authority is limited to a comparison of the award to the submission. . . . Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . . Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." (Citations omitted; internal quotation marks omitted.) *Bic Pen Corp.* v. *Local No. 134,* 183 Conn. 579, 584–85, 440 A.2d 774 (1981).

In determining that the dispute was not arbitrable, the board's award conformed precisely to the submission. In light of this conclusion, the board obviously did not address the merits of the dispute, and the trial court properly refused to vacate the award.

The judgment is affirmed.

In this opinion the other judges concurred.