### JCV INVESTMENT GROUP, INC. *v.* RICHARD MANJONEY
### (AC 18757)

Foti, Landau and Spear, Js.

Argued September 23, 1999—officially released January 4, 2000

*David S. Doyle*, for the appellant (plaintiff).

*Lee Marlow*, for the appellee (defendant).

*Opinion*

SPEAR, J. The plaintiff, JCV Investment Group, Inc., appeals from the judgment of the trial court confirming an arbitration award in favor of the defendant, Richard Manjoney. The plaintiff claims that the court improperly confirmed the award because (1) the plaintiff was not a party to the contract that contained the arbitration clause, and (2) the court engaged in fact-finding and substituted its findings for those of the arbitrator by concluding that the plaintiff did business as JCV Rare

Coin, the signatory to the contract.[1] We affirm the judgment of the trial court.

This dispute arose out of a contract executed by the defendant and "JCV Rare Coin" (JCV). The contract provided that JCV would auction certain rare coins belonging to the defendant in return for a fee of 10 percent of the selling price. A disagreement developed over whether the defendant was to receive a minimum price for each coin that was offered for auction. The defendant demanded arbitration pursuant to a clause in the contract that provided: "In the event of any dispute or disagreement with JCV involving the interpretation or application of any of the terms of this agreement, or either party's compliance or breach thereof, the same shall be settled and resolved by the Dallas, Texas, office of the American Arbitration Association, pursuant to its commercial arbitration rules."

The defendant directed the demand for arbitration to the plaintiff at its office in Dallas. After a hearing, the arbitrator awarded the defendant $48,900. Thereafter, the plaintiff filed an application to vacate the award in Superior Court, alleging that the arbitrator

[1] The plaintiff also claims that the court improperly confirmed the award because (1) the defendant's tort claim of fraudulent inducement was, by its very nature, outside the contract and therefore not arbitrable, and (2) the award violated public policy in that it was contrary to the clear language of the contract. We do not review these claims due to an inadequate record. Appellate courts, except with respect to plain error or claimed constitutional violations, do not review claims that were not presented to and passed on by the trial court. *State* v. *Francis*, 246 Conn. 339, 345, 717 A.2d 696 (1998); *State* v. *Morales*, 33 Conn. App. 184, 190, 634 A.2d 1193 (1993), rev'd on other grounds, 232 Conn. 707, 657 A.2d 585 (1995). Because the trial court's memorandum of decision does not address either of these claims, they were either not presented or, if presented, were not decided. If the claims were presented to the trial court but not decided, the plaintiff's failure to request an articulation renders the record inadequate for review. *Saybrook Point Marina Partnership* v. *Old Saybrook*, 49 Conn. App. 106, 113, 712 A.2d 980, cert. denied, 247 Conn. 904, 720 A.2d 515 (1998); *McNeil* v. *Riccio*, 45 Conn. App. 466, 476, 696 A.2d 1050 (1997).

had exceeded his powers by "proceeding against an entity [that] was not a party to [the] arbitration agreement."[2] The defendant filed a motion to confirm the award. The trial court denied the application to vacate and granted the defendant's motion to confirm. This appeal followed.

I

The plaintiff claims that the arbitrator lacked authority to decide the dispute because the plaintiff did not sign the contract at issue. This is the equivalent of a claim that the dispute is not arbitrable in that it challenges the authority of the arbitrator to decide the case.

There are two ways to preserve for judicial resolution a challenge to the authority of an arbitrator. "First, a party may refuse to submit to arbitration at the outset and instead compel a judicial determination of the issue of arbitrability. . . . Alternatively, threshold questions of arbitrability may properly be committed to the arbitrators themselves for determination under the terms of the contract, along with the merits of the underlying dispute." (Citations omitted; internal quotation marks omitted.) *White* v. *Kampner*, 229 Conn. 465, 476, 641 A.2d 1381 (1994).

Here, the plaintiff did not force the defendant to file an application to compel arbitration pursuant to General Statutes § 52-410.[3] Rather, the plaintiff chose to proceed with the arbitration. Further, although the plaintiff claims that it challenged the authority of the arbitrator to proceed against it, nothing in the record

[2] A second claim that alleged the arbitrator acted with evident partiality for the defendant was not addressed by the trial court and is not an issue on appeal.

[3] General Statutes § 52-410 (a) provides in relevant part: "A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement. . . ."

before us indicates that such a claim was made. The plaintiff did not provide the trial court or this court with a transcript of the arbitration proceedings or any document filed with the arbitrator that challenged his authority to decide the case. See *Hartford* v. *IAFF, Local 760, AFL-CIO, CLC*, 24 Conn. App. 254, 257, 587 A.2d 435 (1991). It is the appellant's responsibility to present a record that is adequate to review the claims that it makes on appeal. *State* v. *Silva*, 43 Conn. App. 488, 496, 684 A.2d 725 (1996), cert. denied, 239 Conn. 956, 688 A.2d 329 (1997). Under these circumstances, we have no basis for reviewing the trial court's conclusion that the plaintiff failed to show that the arbitrator lacked authority to decide the dispute.

## II

The plaintiff asserts that the trial court improperly concluded that the arbitrator found that the plaintiff did business as JCV Rare Coin. This assertion is based on the court's use of ellipses in quoting the finding in the arbitration award that the plaintiff conducted business under the name of ". . . JCV Rare Coins." The arbitrator's award found against the plaintiff doing business as "David A. Vogel Associates; and/or JCV Group; and/or JCV Investment JCV Rare Coins." This claim is irrelevant.

Because of the broad language of the arbitration clause, we, like the trial court, view the submission to the arbitrator as unrestricted. The plaintiff makes no claim to the contrary. "If the submission does not contain limiting or conditional language, then the submission is unrestricted. . . . [I]f the submission is unrestricted, an arbitrator is not required to decide the issues presented according to law. . . . Thus, [w]here the submission does not otherwise state, the [arbitrator is] empowered to decide factual and legal questions and an award cannot be vacated on the grounds that

the construction placed upon the facts or the interpretation of the agreement by the [arbitrator] was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the [arbitrator's] decision of the legal questions involved." (Internal quotation marks omitted.) *Metropolitan District Commission* v. *AFSCME, Council 4, Local 3713*, 35 Conn. App. 804, 808, 647 A.2d 755 (1994).

Because the submission was unrestricted, the court's review was limited to ascertaining whether the award conformed to the submission. *Connecticut Ins. Guaranty Assn.* v. *Zasun*, 52 Conn. App. 212, 229, 725 A.2d 406 (1999); *AFSCME, Council 15, Local 3153* v. *Newtown*, 49 Conn. App. 443, 451–52, 717 A.2d 759 (1998). The plaintiff does not complain that the award does not so conform. Given the limited nature of the court's review, even if the use of the ellipses was improper, it would make no difference because the court could not review the arbitrator's fact-finding or engage in fact-finding of its own.

The judgment is affirmed.

In this opinion the other judges concurred.